1
2
3
4
5
6
7            UNITED  STATES  DISTRICT  COURT

8            CENTRAL  DISTRICT  OF  CALIFORNIA

9                   WESTERN  DIVISION

10

11   GREGORIO ROBERTO ORTIZ, JR.,    )   No. CV 11-08515-JVS (VBK)
                                     )
12                   Petitioner,     )   ORDER SUMMARILY DISMISSING PETITION
                                     )   FOR WRIT OF HABEAS CORPUS FOR LACK
13        v.                         )   OF SUBJECT MATTER JURISDICTION
                                     )
14   DOMINGO URIBE, JR.,             )
                                     )
15                   Respondent.     )
     _____)
16

17        On October 14, 2011, Gregorio Roberto Ortiz, Jr. (hereinafter

18   referred to as "Petitioner") filed a "Petition for Writ of Habeas

19   Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254.

20   Petitioner was convicted in Los Angeles County Superior Court Case No.

21   KA052823 and sentenced to ninety-one years in prison.[1] (See Petition

22   _____

23        [1]    Petitioner failed to fill in all of the questions listed in
     the form Petition such as the nature of the offenses involved, Penal
24   Code or other code sections, date of conviction and sentence, and
     whether he appealed to the California Court of Appeal or California
25   Supreme Court.  However, the Court takes judicial notice of its own
     files and records,(See Mir v Little Co. of Mary Hosp., 844 F.2d 646,
26   649 (9th Cir. 1988)), and notes that on May 18, 2006, Petitioner filed
     a "Petition for Writ of Habeas Corpus by a Person in State Custody" in
27   the  United  States  District  Court  for  the  Central  District  of
     California,  which was given Case No. CV 06-03072-AHM (VBK).
28

                                                     (continued...)

at 2.)  Petitioner contends "nondisclosure of witness - names." (See Petition at 5, attached pages.)

It appears from the face of the Petition that it is directed to the same 2001 Los Angeles County Superior Court conviction as prior habeas petitions filed by Petitioner in this Court on May 18, 2006 in Case No. CV 06-03072-AHM (VBK) and on July 6, 2010 in Case No. CV 10-04965-AHM (VBK).[2]

---

[1](...continued)
Petitioner was convicted by a jury in December of 2001 in Los Angeles County Superior Court Case No. KA052823 of second degree robbery in violation of California Penal Code ("PC") §211, carjacking in violation of PC §215(a) and grand theft auto in violation of PC §487(d) with a true finding that he personally used a deadly weapon in violation of PC §12022.5(b)(1) and (2) and suffered two prior convictions in violation of PC §667(a)(1).  Petitioner was sentenced to state prison for a term of 91 years.

[2]  On May 18, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California,  which was given Case No. CV 06-03072-AHM (VBK).  In this Petition, Petitioner raised the following claims: (1) "Miscarriage of justice due to constitutionally mandated discovery concealed; (2) Illegally imprisoned in violation of the United States Constitution and if not heard the Constitution would be triumphed [sic]; and (3) Trial court abused its power for continuance." (See Petition at 5 and attached pages.)
On July 6, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State custody" pursuant to 28 U.S.C. § 2254, which was given Case No. CV 10-04965-AHM (VBK).  Petitioner raised the following claims: "(1) actual innocence; and (2) nondisclosure of witness names." (See Petition at 5; attached memorandum.)
The Court also notes Petitioner filed two other federal habeas petitions regarding Los Angeles Superior Court Case No. KA051285.  On January 4, 2005, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California,  which was given Case No. CV 05-00052-PSG (FMO).  In this Petition, Petitioner raised the following claims: (1) The prosecution offered perjured testimony; (2) the prosecution suppressed exculpatory evidence; (3) the Confrontation Clause was violated by the admission of the out-of-court statement of an unavailable witness; (4) The trial court improperly admitted irrelevant and prejudicial evidence of the 911 call reporting the
(continued...)

1    On June 11, 2008, Judgment was entered in Case No. CV 06-03072-
2  AHM (VBK), denying the petition and dismissing the action with
3  prejudice, pursuant to the District Judge's Order approving and
4  adopting the Magistrate Judge's Report and Recommendation.

5    On July 9, 2010, Judgment was entered in Case No. CV 10-04965-AHM
6  (VBK), dismissing the Petition for lack of subject matter
7  jurisdiction.

8    The Petition now pending is governed by the provisions of the
9  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-
10  132, 110 Stat. 1214)("the Act"), which became effective April 24,
11  1996.  Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in
12  pertinent part, as follows:

13    "(1) A claim presented in a second or successive habeas
14    corpus application under section 2254 that was presented in a

15  _____

16    [2](...continued)
    assault incident, in violation of Petitioner's rights to due process
17  and a fair trial; (5) A statement Petitioner made to the arresting
    police officer should not have been admitted at trial because, prior
18  to making it, Petitioner was not advised of his rights under Miranda
    v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966); (6) The prosecution
19  committed misconduct by making certain misrepresentations during
    closing argument; (7) The government committed "outrageous"
20  misconduct; (8) Certain of the trial court's rulings, discussion of
    the evidence and trial procedure, and the alleged actions or
21  commissions reflected judicial bias against Petitioner; (9)
    Petitioner's sentence constitutes cruel and unusual punishment; and
22  (10) Petitioner's sentence is impermissible because it reflects
    punishment only for Petitioner's prior criminal record, not his
23  current offenses. (See Petition at 2-27.) On March 19, 2008, Judgment
    was entered denying and dismissing the Petition.
24    On June 17, 2010, Petitioner filed a "Petition for Writ of Habeas
25  Corpus by a Person in State Custody" in the United States District
    Court for the Central District of California, which was given Case No.
26  CV 10-04470-AHM (VBK).  In this Petition, Petitioner raised the
    following claims: "(1) actual innocence; and (2) false evidence/
27  insufficient evidence." (See Petition at 5; attached memorandum.)  On
    June 30, 2010, the Court issued an Order Summarily Dismissing Petition
28  for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction.

1   prior application shall be dismissed unless--

2       (2)  (A)  the applicant shows that the claim relies on a new

3   rule of constitutional law, made retroactive to cases on

4   collateral review by the Supreme Court, that was previously

5   unavailable; or

6       (B)(i)  the factual predicate for the claim could

7   not have been discovered previously through the exercise of

8   due diligence; and

9       (ii)  the facts underlying the claim, if proven and

10  viewed in light of the evidence as a whole, would be

11  sufficient to establish by clear and convincing evidence

12  that, but for constitutional error, no reasonable factfinder

13  would have found the applicant guilty of the underlying

14  offense.

15      (3)(A) <u>Before a second or successive application permitted</u>

16  <u>by this section is filed in the district court, the applicant</u>

17  <u>shall move in the appropriate court of appeals for an order</u>

18  <u>authorizing the district court to consider the application</u>."

19  (Emphasis added.)

21      The Petition now pending constitutes a second and/or successive

22  petition challenging the same conviction as Petitioner's prior habeas

23  petitions, within the meaning of 28 U.S.C. §2244(b).  Thus, it was

24  incumbent on Petitioner under §2244(b)(3)(A) to secure an order from

25  the Ninth Circuit authorizing the District Court to consider the

26  Petition, prior to his filing of it in this Court.  Petitioner's

27  failure to do so deprives the Court of subject matter jurisdiction.

28      For the foregoing reasons, **IT IS ORDERED** that this action be

1   summarily dismissed pursuant to Rule 4 of the Rules Governing Section

2   2254 Cases in the United States District Courts.  Further, the Court

3   declines to issue a Certificate of Appealability ("COA").[3]

4   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

5

6

7   DATED: October 24, 2011      _____
                                 JAMES V. SELNA
                                 UNITED STATES DISTRICT JUDGE

8   Presented on
    October 19, 2011 by:

9

10

11  _____/s/_____
    VICTOR B. KENTON
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15  _____

16       [3]       Under 28 U.S.C. §2253(c)(2), a Certificate of Appealability
    may issue "only if the applicant has made a substantial showing of the

17  denial of a constitutional right."  Here, the Court has concluded that
    the Petition is a second and/or successive petition.  Thus, the

18  Court's determination of whether a Certificate of Appealability should
    issue here is governed by the Supreme Court's decision in Slack v.

19  McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme
    Court held that, "[w]hen the district court denies a habeas petition

20  on procedural grounds without reaching the prisoner's underlying
    constitutional claim, a COA should issue when the prisoner shows, at

21  least, that jurists of reason would find it debatable whether the
    petition states a valid claim of the denial of a constitutional right

22  and that jurists of reason would find it debatable whether the
    district court was correct in its procedural ruling."  529 U.S. at

23  484.  As the Supreme Court further explained:

24       "Section 2253 mandates that both showings be made before the
         court of appeals may entertain the appeal.  Each component

25       of the § 2253(c) showing is part of a threshold inquiry, and
         a court may find that it can dispose of the application in

26       a fair and prompt manner if it proceeds first to resolve the
         issue whose answer is more apparent from the record and

27       arguments."  Id. at 485.
    Here, the Court finds that Petitioner has failed to make the

28  requisite showing that "jurists of reason would find it debatable
    whether the district court was correct in its procedural ruling."