UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GREGORIO ROBERTO ORTIZ, JR., ) | No. CV 11-08515-JVS (VBK) |
| ) | |
| Petitioner, ) | ORDER SUMMARILY DISMISSING PETITION |
| ) | FOR WRIT OF HABEAS CORPUS FOR LACK |
| v. ) | OF SUBJECT MATTER JURISDICTION |
| ) | |
| DOMINGO URIBE, JR., ) | |
| ) | |
| Respondent. ) | |

On October 14, 2011, Gregorio Roberto Ortiz, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner was convicted in Los Angeles County Superior Court Case No. KA052823 and sentenced to ninety-one years in prison.[1] (See Petition

---

[1] Petitioner failed to fill in all of the questions listed in the form Petition such as the nature of the offenses involved, Penal Code or other code sections, date of conviction and sentence, and whether he appealed to the California Court of Appeal or California Supreme Court. However, the Court takes judicial notice of its own files and records,(See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)), and notes that on May 18, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 06-03072-AHM (VBK).

(continued...)

1  at 2.)  Petitioner contends "nondisclosure of witness - names." (See
2  Petition at 5, attached pages.)
3      It appears from the face of the Petition that it is directed to
4  the same 2001 Los Angeles County Superior Court conviction as prior
5  habeas petitions filed by Petitioner in this Court on May 18, 2006 in
6  Case No. CV 06-03072-AHM (VBK) and on July 6, 2010 in Case No. CV 10-
7  04965-AHM (VBK).[2]

---

[1](...continued)
Petitioner was convicted by a jury in December of 2001 in Los Angeles County Superior Court Case No. KA052823 of second degree robbery in violation of California Penal Code ("PC") §211, carjacking in violation of PC §215(a) and grand theft auto in violation of PC §487(d) with a true finding that he personally used a deadly weapon in violation of PC §12022.5(b)(1) and (2) and suffered two prior convictions in violation of PC §667(a)(1).  Petitioner was sentenced to state prison for a term of 91 years.

[2]  On May 18, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 06-03072-AHM (VBK).  In this Petition, Petitioner raised the following claims: (1) "Miscarriage of justice due to constitutionally mandated discovery concealed; (2) Illegally imprisoned in violation of the United States Constitution and if not heard the Constitution would be triumphed [sic]; and (3) Trial court abused its power for continuance." (See Petition at 5 and attached pages.)
On July 6, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State custody" pursuant to 28 U.S.C. § 2254, which was given Case No. CV 10-04965-AHM (VBK).  Petitioner raised the following claims: "(1) actual innocence; and (2) nondisclosure of witness names." (See Petition at 5; attached memorandum.)
The Court also notes Petitioner filed two other federal habeas petitions regarding Los Angeles Superior Court Case No. KA051285.  On January 4, 2005, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 05-00052-PSG (FMO).  In this Petition, Petitioner raised the following claims: (1) The prosecution offered perjured testimony; (2) the prosecution suppressed exculpatory evidence; (3) the Confrontation Clause was violated by the admission of the out-of-court statement of an unavailable witness; (4) The trial court improperly admitted irrelevant and prejudicial evidence of the 911 call reporting the
(continued...)

1  On June 11, 2008, Judgment was entered in Case No. CV 06-03072-AHM (VBK), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

On July 9, 2010, Judgment was entered in Case No. CV 10-04965-AHM (VBK), dismissing the Petition for lack of subject matter jurisdiction.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a

---

[2](...continued)
assault incident, in violation of Petitioner's rights to due process and a fair trial; (5) A statement Petitioner made to the arresting police officer should not have been admitted at trial because, prior to making it, Petitioner was not advised of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966); (6) The prosecution committed misconduct by making certain misrepresentations during closing argument; (7) The government committed "outrageous" misconduct; (8) Certain of the trial court's rulings, discussion of the evidence and trial procedure, and the alleged actions or commissions reflected judicial bias against Petitioner; (9) Petitioner's sentence constitutes cruel and unusual punishment; and (10) Petitioner's sentence is impermissible because it reflects punishment only for Petitioner's prior criminal record, not his current offenses. (<u>See</u> Petition at 2-27.)  On March 19, 2008, Judgment was entered denying and dismissing the Petition.

On June 17, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 10-04470-AHM (VBK).  In this Petition, Petitioner raised the following claims: "(1) actual innocence; and (2) false evidence/ insufficient evidence." (<u>See</u> Petition at 5; attached memorandum.)  On June 30, 2010, the Court issued an Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction.

```
                prior application shall be dismissed unless--
                        (2) (A)  the applicant shows that the claim relies on a new
                        rule of constitutional law, made retroactive to cases on
                        collateral review by the Supreme Court, that was previously
                        unavailable; or
                        (B)(i)  the factual predicate for the claim could
                        not have been discovered previously through the exercise of
                        due diligence; and
                        (ii)  the facts underlying the claim, if proven and
                        viewed in light of the evidence as a whole, would be
                        sufficient to establish by clear and convincing evidence
                        that, but for constitutional error, no reasonable factfinder
                        would have found the applicant guilty of the underlying
                        offense.
                        (3)(A) Before a second or successive application permitted
                by this section is filed in the district court, the applicant
                shall move in the appropriate court of appeals for an order
                authorizing the district court to consider the application."
                (Emphasis added.)
```

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. §2244(b). Thus, it was incumbent on Petitioner under §2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be

4

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Further, the Court declines to issue a Certificate of Appealability ("COA").[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 24, 2011            _____
                                   JAMES V. SELNA
                                   UNITED STATES DISTRICT JUDGE

Presented on
October 19, 2011 by:


_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

---

[3]   Under 28 U.S.C. §2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Here, the Court has concluded that the Petition is a second and/or successive petition.  Thus, the Court's determination of whether a Certificate of Appealability should issue here is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. at 484.  As the Supreme Court further explained:
   "Section 2253 mandates that both showings be made before the
   court of appeals may entertain the appeal.  Each component
   of the § 2253(c) showing is part of a threshold inquiry, and
   a court may find that it can dispose of the application in
   a fair and prompt manner if it proceeds first to resolve the
   issue whose answer is more apparent from the record and
   arguments."  Id. at 485.
   Here, the Court finds that Petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

5